ANDREW SHUBRICK, PLAINTIFF IN ERROR, *vs.* THE STATE, DEFENDANT IN ERROR.

An indictment, under the Act of 186l, making it a misdemeanor, willfully, &c., to "shoot, &c., any horse, mule, neat cattle, *hog*, sheep, goat or other personal property" of another, which charges that the prisoner shot "one sow," &c., is good.

BEFORE GREEN, J., AT GEORGETOWN, OCTOBER TERM, 1869.

A full statement of the case is contained in the opinion of the Court.

*Wilson, Dozier*, for plaintiff in error.

*Chamberlain*, Attorney General, *Atkinson*, Solicitor, contra.

June 29, 1870. The opinion of the Court was delivered by

MOSES, C. J. The defendant (plaintiff in error here) was indicted in the Court of Sessions for the County of Georgetown, under the Act of 1861, (12 Stat. at Large, 903,) making it a misdemeanor for any person to "willfully, unlawfully and maliciously cut, shoot, maim, wound or destroy any horse, mule, neat cattle, hog, sheep, goat or other personal property, the goods and chattels of another."

The Act of 1857, (same Vol., p. 605,) by its first Section, provides "that any person who shall willfully, unlawfully and maliciously cut, shoot, maim, wound or destroy any horse, mule, neat cattle, hog, sheep or goat, the property of another, shall be guilty of a misdemeanor, and upon conviction thereof," &c.

The indictment charged "that the defendant, on, &c., at, &c., one sow, of the value of two dollars, one boar hog, of the value of two dollars, and one barrow, of the value of two dollars, of the goods a nd chattels of one Leonard D. Bone, then and there being found

willfully, unlawfully and maliciously did cut, shoot, wound and destroy, against," &c. The only proof was that the defendant shot a hog of the prosecutor. It was a sow. He was convicted and sentenced, and a motion to arrest the judgment, on the grounds: "1st, Because the indictment does not describe any offence known to the statute law of the State; 2d, because the Act of 1857 is still of force, and the offence of malicious trespass on any of the subjects therein stated must be definite and specific in stating the subject of such trespass in the words of that statute; 3d, because the Act of 1861, in re-enacting the specific terms of the Act of 1857, did not intend thereby to authorize the indictment of a party for one of the specific subjects mentioned in the Act of 1857, under the words other personal property, in the Act of 1861," having been refused by the Circuit Judge, a writ of error brings the question before this Court.

It is contended that, unless the words "other personal property," used in the Act of 1861, are held to refer to some description of chattels, already in terms included therein, this motion is decided by the case of *The State* vs. *McLain*, 2 Brev., 443, in which it was ruled that an indictment charging the stealing of a pig, against the Act of Assembly, was insufficient, because the Act was for the punishment of hog stealing, and pig was not named in it.

If that decision stood unaffected by another which soon after followed, we might be disposed to regard it authority on the point made. In our judgment, it cannot be reconciled with the ruling in the case of *The State* vs. *Dunnavant*, 3 Brev., 9, where it was held that, under the Statute of 22 and 23, Charles II, Chap. 7, P. L. 80, making it felony, maliciously, unlawfully and willfully, in the night time, to kill or destroy any horses, sheep, or other cattle, one indicted for killing a mare could be convicted, the Court holding that "the word horses may fairly be construed to include mares, as *nomen generalissimum.*"

The publisher states, in a note, that "*The State* vs. *Garey*, Newberry, F. T., 1833, was decided in conformity to the case of *The State* vs. *Dunnavant.*"

*Rex* vs. *Welland*, 1 Russell & Bryan, (British Crown Cases, 494,) which decided that, under the Statute of 2 and 3, Edward 6, evidence of stealing a mare filly, supported on indictment for stealing a mare, "as foals and filleys are within the statute, and included in the words horse, gelding, or mare," is consistent with the conclusion of the Court in *The State* vs. *McLain*.

It is true that this last was referred to in the opinion of the Court in *The State* vs. *Major*, 14 Rich., 83, and yet, in *The State* vs. *Alexander*, 14 Rich., 247, in the same volume, where the defendant was convicted under the Act of 1867 for malicious mischief in shooting a mare, the same Judge, delivering the opinion, made no reference to the discrepancy between the charge and proof, as held in McLain's case, though the statute, by word, included horse, and did not name mare.

Wharton, in his 1 Criminal Law, 377, citing the cases, says, the general term sheep, standing alone in the statute, may include "a ewe" or "lamb," but otherwise, if "ewes" or "lambs" are specified.

The works on natural history, as well as the dictionaries and lexicons, to which we have had access, all refer to "sow" as the female of the "hog kind or swine," and, as the term is understood in common parlance, it would probably be difficult, when it is used, to suppose that it was received in any other acceptation.

An indictment for *bestiality*, describing the animal as "a certain bitch," was held sufficiently certain, although the females of foxes and some other animals, as well as of dogs, are so called.—*Reg.* vs. *Allen*, 1 Carr. & Kir., 47 E. C. L., 699.

There is a class of cases in which a different rule of construction must be applied, as where the statute enumerates and specifies various animals, all belonging to the same genus, for then the presumption arises that the terms were not intended to be synonymous, and the animal must be stated in the indictment as of the description particularly designated, as in the *King* vs. *Birbet*, Car. & P., 14, 19, E. C. L., 357; *Cook's Case*, 2 East. P. C., 616; *Loomis' Case*, 1 Moody, 160; *Puddifoat's Case*, 1 Moody, 247; *King* vs. *Douglass*, 1 Camp., 212. So, under our Act of 1830, providing "that any person who shall be indicted and found guilty of stealing a horse, mare, colt, filly, mule, ox," &c., a charge of stealing a horse could not be sustained by proof of the stealing of a colt.

The rules of pleading in criminal cases require that the charge should be so presented in the indictment that the party may know what he is called on to answer, and the character and nature of the offence are to be set out so distinctly that he is not to be surprised as to the mode or manner by which he is to meet it with his defence. It must allege specific violation of some law. Another and no less important reason demands a compliance with these requisi-

tions. The record must show the particular charge on which the defendant has been tried, that he may be in no danger or risk of being again held to answer for it. It must be complete for his protection against a trial for the same offense, of which he may have already been either acquitted or convicted.

Lord Hale, in his Pleas of the Crown, Vol. 2, 241, says, in relation to the plea of "*autrefois acquit*," "that it consists of two matters: (1) Of record, namely, the former indictment and acquittal, and before what Justice, and in what manner, by verdict or otherwise; and (2) matter of fact, namely, that the prisoner is the same person, and the fact of which he was acquitted the same."

The plea of *autrefois convict* is, in general, open to the same remarks as that of *autrefois acquit.*—1. Chit. Cr. Law, 462; 2 Hale P. C., 251.

Mr. Justice Buller, in *Vandercomb's* case, 2 East P. C., 519, ruled "that a plea of *autrefois acquit* cannot be pleaded, unless the facts charged in the second indictment would, if true, have sustained the first."

Chief Justice Parker, in *Commonwealth* vs. *Goddard*, 13 Mass., 458, says that "whenever it is made to appear, substantially, by the record of a trial, that the second prosecution of the same party is for the same offense, and that, on the first prosecution, judgment has been awarded and actually executed, the Court passing the first judgment having jurisdiction over the person and the offense, the second prosecution must be barred."

If the plaintiff (in error) should be hereafter indicted under the same statute for cutting, shooting, &c., one hog, of the goods and chattels of the same prosecutor, and it was shown to be the same transaction, the animal a sow, he would be entitled to an acquittal, under his plea of former conviction.

So far from having just cause of complaint that the indictment did not sufficiently inform him of the character of the offense, he seeks to arrest the judgment because the allegation was too particular in specifically setting forth the offense which made him liable under the statute.

Though penal laws are to be construed strictly, and are not to be extended beyond the effect of their express words, unless by an implication too plain and necessary to be disregarded, they must be enforced according to the intent apparent on their face, and the will of the Legislature must not be avoided except by the force of those

principles which the law acting for society extends, in a very liberal degree, to all who are charged with its violation.

The motion is dismissed.

*Willard*, A. J., and *Wright*, A. J., concurred.